## COLLISION BETWEEN STREET CAR AND CARRIAGE.

Court of Appeals for Hamilton County.

FRANK GREVE v. THE CINCINNATI TRACTION COMPANY.*

Decided, April 19, 1913.

*Negligence—Driver Crossing Street with His Vehicle—Injured in Collision with Electric Car—Error in Directing Verdict for the Traction Company.*

In an action by a driver who was thrown from his seat and injured in a collision between a traction car and his vehicle, it is error to direct a verdict for the traction company, where the evidence tends to show that the vehicle could have been clearly seen by the motorman, crossing from one side of the street to the other, in time for him to have avoided the accident by stopping or checking the speed of his car.

*Thomas L. Michie, Harry H. Friedman* and *Jacob S. Hermann,* for plaintiff in error.
*Joseph Wilby,* contra.

---

*Judgment affirmed without opinion, *Cincinnati Traction Co.* v. *Greve,* 90 Ohio State, —.

JONES (Oliver B.), J.; SWING, J., and JONES (E. H.), J., concur.

Plaintiff drove a two-horse carriage carrying four passengers west on Eighth street which has, in the center of the street, double car-tracks. Just after crossing Linn street he found the north side of the street in which he had been driving obstructed with a pile of gravel, granite blocks and street paving material, where the track was being repaired, so that it was necessary for him to cross over the tracks to the south side of the street in order to continue on his way. This he proceeded to do. When he started to cross the tracks diagonally he saw a traction car coming in the opposite direction, going eastwardly on the south track and as he testified some two hundred feet away from him. Other witnesses fix the distance of the car from the crossing when it commenced to cross the tracks at from one hundred and fifty to three hundred feet. All the witnesses agree that the car was running at a "pretty fast" rate of speed and that the speed of the car was not in any way slackened until it was very close to the carriage—within fifteen feet one witness testified. The carriage was struck by the car on or near the hind wheel, although one witness thought it was at its front part from the fact that the lamp was injured. The driver was thrown from his seat to the street and was severely injured, his leg being broken and his shoulder dislocated.

The evidence tends to show that the motorman of defendant's car should have clearly seen the carriage upon the tracks, and that if he made proper effort to slacken the speed of his car and have it under control he could have avoided striking the carriage.

At the conclusion of the evidence offered on behalf of plaintiff the trial judge instructed a verdict for defendant.

In *Toledo St. Ry. Co.* v. *Westenhuber,* 22 C. C., 67, which was a case of collision between a street car and a vehicle crossing a track at the intersection of two streets, the court held:

"It is negligence in the motorman of an electric street car, when the car is from one hundred and fifty to two hundred feet from a street crossing and he sees a wagon about to cross the track, not to try to stop or slacken the speed of the car until almost at the crossing, when by so doing the collision which ensued might have been avoided.

"It is not negligence in the driver of a wagon to attempt to drive across a street car track ahead of an approaching electric car, when the car is so far away that, by the exercise of reasonable care it might be stopped before reaching the place of crossing."

In *Toledo, etc., St. Ry. Co.* v. *Rohrer*, 9 C. C. 702 (aff. 57 O. S., 667):

"This wagon was in plain sight of the motorman on the car. He came up to this grade toward this bridge at a speed which, from his onw story, was so rapid that when he saw that the wagon was not going to get out of the track he could not stop the car in time to avoid a collision. We think it is a fair question to submit to the jury, whether the railroad company through its motorman was negligent when he did not stop the car under these circumstances in time to avoid a collision with a vehicle in plain sight in front of it."

But counsel for defendant in error contend that these cases do not apply, because they fix the rule as to the right of persons to cross street car tracks at the intersection of streets and this accident occurred at least one hundred feet from the intersecting street.

The same court in *Lake Shore Elec. Ry. Co.* v. *Majewski*, 1 C.C.(N.S.), 305, discusses the rights of drivers not at street crossings on page 311 in its opinion:

"When they come upon the track of the company between streets, in other words, people driving vehicles along a street are not bound to keep away from the tracks of the street car company as they are to keep away from the tracks of a steam railroad in the open country. They have a right to use the street, as well the part of the street where the tracks are as other parts of the street, * * * and as this woman did * * * to drive there ahead of the street car when the car was so far away that by the exercise of reasonable care she might suppose she had time to pass by such vehicles would not in our opinion be negligence. The street car company can not insist that the speed of its cars shall not be retarded by people driving in ahead of cars upon the streets, when in the use of the street the exigencies require them to drive upon

the tracks, they may drive there and the street car company must retard the speed of the car to allow them to use that part of the street as well as the part where the tracks are not laid.''

And the latest case on the subject by the Supreme Court, *Steubenville, etc., Traction Co.* v. *Brandon, Admr.,* 87 O. S., 187, paragraph 3 of the syllabus is as follows:

''Where the motorman of a street car being operated on a public street in a much frequented part of a city discovers, or by the exercise of ordinary care and watchfulness should discover, that the driver of a smaller vehicle is about to cross the track at a street crossing in front of such car, it is the motorman's duty to use ordinary vigilance to stop or check the car in order to avoid a collision; and the fact that such driver may have omitted to look for the approach of the car will not, as a matter of law, defeat his right to recover for injury from a collision with such car, if the motorman has not used such vigilance.''

And in the opinion on page 195 Judge Spear uses the following language:

''It is possible that he did look and mistaking the speed of the car thought he could safely cross, thus attempting to exercise an undoubted right in a public street. If he did, it would be a question for the jury whether a man of ordinary prudence situated as he was then situated would have done as he did. * * * The driver of such a vehicle is not in the use of the street a trespasser nor a licensee, but one pursuing an undoubted right, and the question always is, did he in the pursuing of that right exercise ordinary care? Nor is he bound to refrain from going upon the crossing merely because a street car is in sight. If he reaches the crossing first he is entitled to cross, unless it should appear that the car is in such close proximity and traveling at such speed as to make it impracticable to check the same in order to permit him to cross in safety. * * * It is not negligence in the driver of a vehicle to attempt to cross a street car track ahead of an approaching car so far away that by the exercise of reasonable vigilance on the part of the motorman it might be stopped or checked before reaching the crossing.

''But assuming that Brandon was guilty of some negligence in driving on the track, yet if the motorman, in the exercise of even ordinary care after he saw the horse and appreciated Brandon's peril, had time and opportunity to avoid the possible consequences by checking the car, and neglected to exercise such

care, such neglect would be negligence, and might properly be regarded as the proximate cause of the injury.

"Such a situation presents a case where different minds might reach opposite conclusions, and thus was a proper case for a jury under proper instructions."

This case was also where the accident was at a street crossing, but the principles laid down apply to the case at bar. In the opinion of this court, the court below erred in directing a verdict for defendant. The judgment below is reversed and the case remanded for new trial.